STATE OF MAINE
PENOBSCOT, ss

CRIMINAL ACTION
DOCKET NO. CR-03-875

STATE OF MAINE

v.

JAMES STILE,

Defendant

FILED & ENTERED
SUPERIOR COURT
SEP 17 2004
PENOBSCOT COUNTY

ORDER

SEP 24 2004

Before the court is a motion filed on August 25, 2004 by defendant James Stile pro se "for reconsideration, renewal, and reargument of denial of suppression motion and trial continuance to obtain new counsel." Stile was previously represented by counsel at the time that his original motion to suppress was heard and decided. The file reflects that Stile's former counsel thereafter filed a motion to withdraw, which was granted on May 5, 2004. At the same time, Stile's case was continued off the May 2004 trial list. The clerk's notes at that time indicate that defendant was to retain new counsel.

The clerk's notes further reflect that in June 2004 Stile appeared without counsel to seek a continuance off the June trial list. That continuance was granted with the notation "final continuance." As far as the court can tell, the case is still awaiting trial and the court understands from the clerk's office that it is likely it will be called to trial in November.

Stile's motion for reconsideration, renewal, and reargument essentially argues (1) that this court erred in certain of its rulings on Stile's original motion to suppress; (2) that Stile's former counsel failed to advance certain arguments in connection with that

motion; (3) that Agent Lawson committed perjury in his testimony on that motion; and (4) that there is additional evidence that would support Stile's position on that motion.

The court has reviewed Stile's motion and the materials submitted therewith and sees no reason to alter its ruling or reopen the evidence. First, the court is not aware of any authority that would allow a defendant as to whom a criminal case is still pending to reopen pretrial rulings on the ground that his prior counsel was ineffective. There is a post conviction remedy to address that issue but any such claims that a defendant might make at this time are premature.

Second, the court is also not aware of any authority for the proposition that parties to a suppression hearing are entitled to submit additional evidence once the evidentiary record of that hearing has closed, let alone after a decision on the motion has been issued. At a minimum, if the defense contends that there was evidence that could not be obtained in time for the hearing, the defense should have made a request at the hearing for leave to supplement the record. In this case the two-day suppression hearing commenced on January 29, 2004 and was completed on February 13, 2004, which gave the parties two weeks after the hearing began to marshal additional evidence.

Third, to the extent that Stile now seeks to raise a suppression challenge that was not raised in his original motion – a claim that agent Lawson had no right to gain entry to his apartment on a ruse – he is too late. The criminal rules do not allow a defendant to raise sequential suppression motions or arguments if his original suppression motions or arguments are rejected.

Finally, to the extent that the court erred in its rulings on the motions and arguments raised by the defense at the hearing on January 29 and February 13, those rulings will be reviewable on appeal if defendant is convicted. The court does not find

2

any basis to conclude based on the materials Stile has submitted that Agent Lawson committed perjury at the suppression hearing. Having considered Stile's other arguments, some of which are reiterations of arguments that have been made on multiple occasions,[1] the court also sees no reason to alter its prior rulings but will offer some clarification on two issues raised by Stile:

(1) Stile argues that the court misread the search warrant affidavit to suggest that he had gained access to his storage unit from a nearby wooded area rather than by entering through the storage facility. This does not entitle him to any relief because the court expressly found that this information was not sufficient to constitute probable cause. See order dated March 18, 2004 at 3. Instead, probable cause depended on paragraphs E and G of the Lawson affidavit. Eliminating any reference as to how Stile gained access to his storage unit, the magistrate could properly have found sufficient probable cause to issue the warrant based on those paragraphs.

(2) Stile also argues that the court erred in stating that the firearms were in plain view. While the court's ruling could perhaps have been worded more clearly, it had concluded that the warrant authorized Agent Lawson to search the storage unit and any areas or containers, including gun containers, within the storage unit where drugs might be found. As a result of that search, although looking for drugs, agent Lawson found firearms in plain view. See order dated March 18, 2004 at 6 and n.7. This follows from the principle that if a warrant has been issued to search specified premises for drugs, that warrant also authorizes the search of any containers or receptacles on the

---

[1] Stile continues to argue that he should have been permitted to call an expert on the reliability of the canine. It is the court's recollection that this argument was raised and rejected on the record on January 26 or 27 and was raised again on January 29 and on February 13. Most of the discussion and the rulings on this issue have not been transcribed. The court adheres to its view that on a challenge to a warrant, the defendant is not entitled to a de novo hearing with expert testimony on the reliability of the dog. The issue is whether the magistrate properly found probable cause on the record before the magistrate, not whether a suppression judge might reach a different conclusion on a different record.

3

premises in which drugs may be found. <u>See</u>, <u>e.g.</u>, 2 LaFave, <u>Search and Seizure</u> § 4.10(b) (3d ed. 1996) at 661 & nn. 32 and 33.

The entry shall be:

Defendant's motion for reconsideration, renewal, and reargument with respect to his suppression motion is denied. To the extent that defendant Stile is seeking a further continuance notwithstanding the final continuance granted in June, that request should be addressed to the trial justice. Stile should not assume that such a request will be granted.

Dated: September _15_, 2004

Thomas D. Warren
Justice, Superior Court

4

ATTORNEY FOR THE STATE:    WILLIAM SAVAGE
                          ASSISTANT ATTORNEY GENERAL
                          97 HAMMOND STREET
                          BANGOR ME   04401

DEFENDANT IS PRO SE AT THIS TIME.